IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SHAWNA HAMILTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 5:22-cv-160 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**COMPLAINT**

Plaintiff, SHAWNA HAMILTON, files this Complaint and Jury Demand against Defendant WAL-MART STORES TEXAS, LLC, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA"). For causes of action, Plaintiff would show the Court as follows:

**I.**

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff SHAWNA HAMILTON is a resident of Montague County, Texas.

2. Defendant WAL-MART STORES TEXAS, LLC is an entity which can be served with Citation through its Registered Agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

3. This Court has jurisdiction to hear the merits of Ms. Hamilton's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). . Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Bowie County, Texas.

4. Plaintiff exhausted her administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas

Workforce Civil Rights Division on April 17, 2018, within 180 days from the date of her termination on October 20, 2017. Plaintiff received a Conciliation Failure and Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on September 29, 2022, within 90 days of the filing of this lawsuit.

## II.

## FACTUAL BACKGROUND

5. Ms. Hamilton began working in the produce department at Walmart in February of 2017. On October 10, she injured her arm when a crate fell on her. Ms. Hamilton went to work the next day, but the pain worsened. That night, after work, Ms. Hamilton went to the ER. The doctor told her that her arm was fractured. He prescribed Ms. Hamilton pain medication and told her that she shouldn't work at all for one week and could only work with restricted duties for two weeks after that.

6. The next day, October 12, 2017, Ms. Hamilton went to Defendant's Human Resources Department, presented the note from her doctor, and requested the accommodation her doctor had ordered. HR told her to sign an incident report, which Ms. Hamilton did. They told Ms. Hamilton that if she was going to be out she had to follow the company call-in procedures. They also told Ms. Hamilton that she would need to see the company's doctor.

7. Ms. Hamilton went to the company's doctor on Monday, October 16. He ordered an x-ray and told Ms. Hamilton that he couldn't see a fracture, but he asked her to come back that Friday. Ms. Hamilton stayed home until Friday, as the ER doctor had ordered. During this time Ms. Hamilton followed the company's call-in procedures. On Friday, October 20, Ms. Hamilton went back to the company's doctor. He examined Ms. Hamilton again, and told her that she had a large hematoma on her bone. He instructed her not to use her arm at all for six weeks. After the appointment, Ms. Hamilton went straight to Walmart and gave HR the doctor's report. Ms.

Hamilton told HR that she could come back immediately with restricted duties, but the HR representative told Ms. Hamilton that due to her absences, they'd probably have to let her go. Some hours later, Ms. Hamilton got a phone call from HR officially terminating her employment.

8. Ms. Hamilton filed a Charge of Discrimination with the U.S. Equal Employment Commission (EEOC) on April 17, 2018, alleging that Wal-Mart had discriminated against her because of her disability and retaliated against her in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008. Following an investigation, on December 23, 2021, the EEOC issued its Determination. The EEOC's Determination found that Ms. Hamilton "is a qualified individual with a disability as defined by the ADA. Charging Party requested a reasonable accommodation due to her disability. Respondent was aware of Charging Party's disability and need for a reasonable accommodation. Although Respondent was aware of Charging party's need for an accommodation, Respondent issued attendance points to Charging Party for time away from work due to her disability. Respondent then discharged Charging Party."

9. The EEOC's determination goes on to state that "there is reasonable cause to find Respondent denied Charging Party a reasonable accommodation. There is also reasonable cause to determine that Respondent discharged Charging Party on the basis of her disability and/or her need for accommodation in violation of the ADA. There is also reasonable cause to find Respondent retaliated against Charging Party in violation of the ADA."

10. Further, the determination continues to say that the EEOC has found that "since at least October 1, 2015 to the present, Respondent has or had a nationwide no-fault attendance and leave policy an/or practice that subjects qualified individuals with disabilities to attendance points for missing time from work for disability-related reasons. Evidence shows that

Respondent failed to engage in the interactive process to determine whether reasonable accommodations could be provided, resulting in the accumulation of attendance points by qualified individuals with disabilities who required time away from work for disability-related reasons. Respondent failed to provide reasonable accommodation to other similarly situated qualified individuals with disabilities who need or needed leave as an accommodation for disability-related reasons, resulting in them receiving discipline and/or being discharged. Therefore there is reasonable cause to determine that Respondent failed to provide reasonable accommodations and subsequently discharged other qualified individuals on the basis of disability, in violation of the ADA."

### III.
### CAUSES OF ACTION

#### COUNT ONE:
#### Discrimination Under ADA

5.  Defendant violated the Americans with Disabilities Act Amendments Act by refusing Plaintiff reasonable accommodations and by discharging Plaintiff. 42 U.S.C. § 12101 et seq; Texas Labor Code Chapter 21.

6.  Under 42 U.S.C. §12112, it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability, because the employer regards the individual as a person with a disability, or because the individual has requested reasonable accommodations.

7.  Defendant is an employer under the ADA.

8.  Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

9. Plaintiff was meeting her employer's expectations. Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

10. The ADA requires employers to make reasonable accommodations for individuals with disabilities. In this case, Defendant failed to make reasonable accommodations for Plaintiff's disability, and, instead, terminated Plaintiff's employment. Defendant violated the ADA by intentionally discriminating against Plaintiff because of her disability by refusing Plaintiff reasonable accommodations and discriminated and retaliated against her by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled, and her requests for accommodations, were a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability, along with Plaintiff's requests for reasonable accommodations, moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## COUNT TWO
### Retaliation Under ADA

11. The Americans with Disabilities Act Amendments Act of 2008 prohibits retaliation for exercising rights under the Act, including making a complaint of discrimination or requesting accommodations under the ADA. 42 U.S.C. § 12203.

12. Ms. Hamilton requested an accommodation in a manner protected by the ADA and was fired for making that request. Defendant's actions were undertaken with malice and/or reckless indifference to Ms. Hamilton's right to be free from retaliation that is protected under the ADA.

## IV.

## DAMAGES

13. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.

## COMPENSATORY DAMAGES

14. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

15. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## ATTORNEYS' FEES AND EXPERT FEES

16. A prevailing party may recover reasonable attorneys' and experts' fees under the ADA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.

## JURY DEMAND

17. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF